IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LARRY JOE McELHANEY | § | |
| v. | § | CIVIL ACTION NO. 6:14cv698 |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Larry McElhaney proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2241 apparently complaining of the legality of his pending prosecution. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

McElhaney is awaiting trial in cause no. 6:13cv114, a criminal prosecution in the Eastern District of Texas. He asserts that the indictment is defective because the district court can only imprison someone pursuant to an Act of Congress; he argues that the three counts of his indictment do not allege violations of federal law and fail to give him proper notice of the time, date, or place where he is alleged to have violated federal law.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge stated that in the absence of exceptional circumstances, in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial, *citing* Jones v. Perkins, 245 U.S. 390, 391-92 (1918) and Stack v. Boyle, 342 U.S. 1, 6-7 (1951). The Magistrate Judge stated that an adequate remedy for challenging the validity of the indictment exists through a Fed. R. Crim. P. 12 motion, and that McElhaney did

not show that exceptional circumstances existed justifying the use of a pre-trial habeas corpus petition to short-circuit the normal judicial process.

In his objections to the Report, McElhaney argues that it is not correct to hold that all criminal proceeding remedies must be exhausted before §2241 relief may be granted, citing <u>United States ex rel. Scranton v. New York</u>, 532 F.2d 292 (2nd Cir. 1976). That case held that a defendant under a state indictment for murder was "in custody" for purposes of federal habeas corpus where she was free on parole or on her own recognizance, but that the principles of federalism prevented the federal courts from affording habeas corpus relief where state remedies had not been exhausted. This decision is plainly distinguishable from the present case, in which McElhaney seeks to use federal habeas corpus to short-circuit a pending federal criminal proceeding.

Next, McElhaney argues that §2241 does not contain a requirement of exhaustion of administrative remedies, and whether to require such exhaustion is at the discretion of the court. The Magistrate Judge's Report did not concern exhaustion of administrative remedies, but rather the fact that a pre-trial habeas corpus petition cannot serve to litigate his defenses in advance of his criminal trial. *Cf.* <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 493, 93 S.Ct. 1123, 1129 (1973) (stating that "nothing that we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court").

Third, McElhaney states that "in view of a violation of the Constitution or laws of the United States, under 28 U.S.C. §2241(c)(3), an order for a writ of habeas corpus must be extended to a federal prisoner regardless of exhaustion of remedies," *citing* <u>Brown v. Lundgren</u>, 528 F.2d 1050 (5th Cir. 1975). This case affirmed the denial of a federal prisoner's habeas petition challenging a decision of the United States Board of Parole denying him eligibility for parole until his mandatory release date; the discussion of available remedies revolves around the Administrative Procedures Act and its application to the Parole Board. <u>Brown</u> plainly has no application to McElhaney's case.

Finally, McElhaney cites what he believes to be "exceptional circumstances," including assertions that he has received ineffective assistance of counsel in that his former attorneys did not

investigate properly, failed to move for suppression of evidence, and failed to provide him with copies of discovery so that he could determine his sentencing guideline range. He also raises a claim of "cumulative error." None of these circumstances provide any basis for permitting McElhaney to litigate his defenses to a criminal prosecution through a pre-trial habeas corpus petition. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 8) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Larry McElhaney is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 12th day of January, 2015.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**